**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| SYDNEY MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 26-cv-02124-TC-ADM |
| | ) | |
| DOUGLAS A. COLLINS, in his official | ) | |
| capacity as Secretary of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNOPPOSED MOTION TO STAY DISCOVERY

The United States on behalf of Secretary Douglas A. Collins, by and through undersigned counsel, move this Court to stay all Rule 26 proceedings and discovery pending ruling on Defendant's Motion to Dismiss (Doc. 5). Defendant has consulted Plaintiff's counsel regarding this motion for stay. Plaintiff does not object to Defendant's request for a stay of these proceedings pending the outcome of Defendant's motion to dismiss.

## STATEMENT OF THE FACTS

Plaintiff, an employee of the United States Department of Veterans Affairs, brings sex and disability discrimination and hostile work environment claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Rehabilitation Act of 1973 ("Rehabilitation Act"), alleging that Defendant discriminated against Plaintiff on the basis of sex and disability, and subjected Plaintiff to a hostile work environment. *See generally* (Compl. For Damages, Doc. 1.) Plaintiff requests compensatory and punitive damages, as well as injunctive relief, costs, and attorney's fees. (*Id.*, pgs. 13-14).

On May 6, 2026, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 5.) Defendant asked the Court to (1) dismiss many of Plaintiff's claims for discrete acts of

1

discrimination because, on the face of the Complaint, they were not timely exhausted; (2) dismiss what little claims for discrete acts of discrimination remain because they are not personnel actions and did not arise under an inference of discrimination; and (3) dismiss Plaintiff's hostile work environment claim because the allegations contained in the Complaint do not meet the "extremely high" bar necessary to state a plausible claim. *See Young v. Colorado Dep't of Corr.*, No. 25-1068, 2026 WL 1279471, at *2 (10th Cir. May 11, 2026) (Plaintiff's burden is "extremely high."). Plaintiff's response to Defendant's Motion to Dismiss was filed May 18, 2026.

On May 15, 2026, the Court entered its Initial Order Regarding Planning and Scheduling. (Doc. 6). The Court ordered the parties to conduct a Fed. R. Civ. P. 26(f) conference on or before June 12, 2026. The parties must then provide the Court with a proposed Scheduling Order on or before June 22, 2026, along with providing Rule 26(a)(1)(A) initial disclosures.  The parties' scheduling conference with the Court is set for July 2, 2026.

### ARGUMENT

The power to stay proceedings is part of the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pipeline Prod., Inc. v. Horsepower Ent.*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. April 13, 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court. *McCoy v. United States,* Case No. 07-20997-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007) (citation omitted). Although the longstanding and general policy of this district is to proceed with discovery despite pending dispositive motions, there are

recognized exceptions to this general rule. *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (citations omitted).

A stay pending a ruling on a dispositive motion may be appropriate if: (1) "the case is likely to be finally concluded as a result of the ruling thereon," (2) "the facts sought through uncompleted discovery would not affect the resolution of the motion," (3) "discovery on all issues of the broad complaint would be wasteful and burdensome," or (4) the dispositive motion raises issues as to Defendant's immunity from suit. *Shophar v. Johnson Cty., Kan.*, No. 20-CV-2280-EFM-TJJ, 2020 WL 5408124, at *1 (D. Kan. Sept. 9, 2020). If at least one of these factors is present, a stay may be appropriate. *Gragg v. Maximus, K.C.*, No. 22-cv-2292-JWB-TJJ, 2022 WL 10426365, at *2 (D. Kan. Oct. 18, 2022). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, three of the four stay factors weigh in favor of issuing a stay of discovery until the Court has an opportunity to consider the Defendant's motion to dismiss.

First, this case is likely to be finally concluded as a result of a ruling on Defendant's motion to dismiss, or at least substantially limited. Indeed, the face of the Complaint shows that Plaintiff's discrimination claims are substantially barred as a matter of law because Plaintiff failed to exhaust timely. (Doc. 5, pg. 6). This threshold legal issue should be resolved before the parties expend significant time and resources in discovery, especially given that the claims are unquestionably barred. And the two discrete events that potentially may remain are not "personnel actions" under the Civil Service Reform Act. Finally, the face of the Complaint shows that Plaintiff has not alleged facts meeting Plaintiff's "extremely high" burden to show overt hostility in the workplace.

Second, further discovery would not affect resolution of the motion. Defendant's motion presents a pure question of pleading sufficiency under Rule 12(b)(6). Unlike a motion for summary judgment, the Court's consideration will be confined to the four corners of the Complaint. Thus, the only question for the Court is whether the facts alleged by Plaintiff within the four corners of the Complaint (not the Complaint and any discovery issued by the Plaintiff) create a plausible claim for relief. Moreover, additional discovery cannot rehabilitate whether Plaintiff timely exhausted Plaintiff's claims for discrete acts of discrimination, nor can it change whether the four corners of the Complaint present sufficient factual allegations to state a claim that is plausible under the applicable law.

Finally, discovery on all issues in the Complaint will be costly and burdensome. The pending motion to dismiss is likely to be case-dispositive or, at minimum, dispositive of most of Plaintiff's claims. Proceeding with full discovery—particularly where Plaintiff's claims appear to be substantially time-barred—would be wasteful and impose significant expense on the parties and unnecessary burdens on the Court. *See Borsody v. Frontier Heritage Communities*, No. 25-2168-JAR-ADM, 2025 WL 2822266, at *1 (D. Kan. Oct. 3, 2025). This includes document collection from multiple custodians, review of extensive agency records, and potentially numerous depositions, all of which would be wasteful where the claims are obviously time-barred or otherwise insufficient.

### CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court stay all Rule 26 proceedings and discovery in this matter until such time as the Court has ruled on the United States' Motion to Dismiss.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

/s/ Brian E. Vanorsby
Brian E. Vanorsby, KS #27606
Assistant United States Attorney
United States Attorney's Office
District of Kansas
1200 Epic Center
301 N. Main |Wichita, Kansas 67202
Office: 316.269.6103
Fax: 316.269.6484
E-mail: brian.vanorsby@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, the foregoing document was electronically filed by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants at the time of filing.

s/ *Brian E. Vanorsby*
Brian E. Vanorsby
Assistant United States Attorney

5